IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CEDRIC SMITH,

   Plaintiff,

    vs.                       Case No.

Chicago Police Officer Reynol Cuellar Dela Cruz
Chicago Police Officer Virginia Dominguez
City of Chicago

   Defendants.               JURY TRIAL DEMANDED

## **COMPLAINT**

NOW COMES the Plaintiff, CEDRIC SMITH, by and through his attorneys Stephen L. Richards and Joshua S.M. Richards and makes the following complaint against Defendants Chicago Police Officer Reynol Cuellar Dela Cruz, Chicago Police Officer, Virginia Dominguez, and the City of Chicago.

In support thereof, CEDRIC SMITH states as follows:

## **JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. Sec. 1983 to redress the deprivation of law of Cedric Smith's civil rights as secured by the United States Constitution.

2. This court has jurisdiction of the action pursuant to 28 U.S.C. Secs. 1331, 1343, 1367.

## VENUE

3. Venue is proper under 28 U.S.C. Sec. 1391(b).

## PARTIES

4. Plaintiff Cedric Smith is a male person who is a United States citizen and a resident of Cook County, Illinois.

5. Defendant Reynol Cuellar Dela Cruz was at all times relevant to this suit a Chicago police officer. He is sued in his individual capacity.

6. Virginia Dominguez was at all times relevant to this suit a Chicago Police officer. She is sued in her individual capacity.

7. Defendant City of Chicago is a Municipal Corporation, organized pursuant to the laws of the State of Illinois.

## FACTUAL ALLEGATIONS

*Procedural History*

8. Cedric Smith was charged with armed habitual criminal and two counts of unlawful use of weapon by a felon, upon the allegation that he unlawfully possessed a handgun.

9. After a motion to suppress evidence was denied, Cedric Smith was convicted at a jury trial of armed habitual criminal.

10. Cedric Smith was taken into custody on October 31, 2022, after his bond was revoked.

11. Cedric Smith was sentenced to 73 months in the Illinois Department of Corrections.

12. On June 4, 2025, the appellate court found that the motion to suppress should have been

granted and vacated Cedric Smith's conviction. *People v. Smith*, 2025 IL App (1st) 231202, ¶¶ 56-57.

13. Cedric Smith was released from custody on July 18, 2025.

14. Cedric Smith served 1053 days in custody.

*The Circumstances Surrounding Cedric Smith's Wrongful Arrest*

15. On November 18, 2021, Cedric Smith was living at 833 west 50th street in the City of Chicago.

16. Smith lived with Shevon Enoch, his girlfriend.

17. On November 18, 2021, Smith awoke at about 8:30 a.m. and went to work outside the Walmart on 47th and Cottage Grove in the City of Chicago.

18. Smith distributed complimentary subscriptions to the Chicago Tribune and free cellphones outside the Walmart.

19. Smith worked all day at the Walmart until he was picked up by his friend, Gary Henry.

20. At the time Smith was picked up, Gary Henry was a passenger in a Black Tahoe truck driven by a woman.

21. Smith got into the back seat.

22. The car was a mess and looked as if someone had been living in it.

23. There was a black bag on the floor of the backseat.

24. Shortly after Smith got into the car it was stopped by the police, among them defendants Reynol Cuellar Dela Cruz and Virginia Dominguez.

25. During the stop, Smith did not make any downward movement or reach towards the black bag.

26. Smith was taken out of the car and his person was searched.

27. One of the officers, upon information and belief, Reynol Dela Cruz or Virginia Domingues, removed Smith's papers and identification card from his person.

28. Smith told the officers that the bag was not his and that the firearm found inside the car was not his.

*Misconduct of Defendants Cuellar Dela Cruz and Virginia Dominguez*

29. Reynol Cuellar Dela Cruz, together with partner, Virginia Dominguez, stopped the Black Tahoe in which Cedric Smith was a back seat passenger on November 18, 2021 and arrested Cedric Smith at approximately 8:52 p.m.

30. Neither Cuellar Dela Cruz or Dominguez saw Cedric Smith make a downward movement or reach toward the black bag.

31. Reynol Cuellar Dela Cruz or Virginia Dominguez, acting in concert, took Smith's papers and either planted them in the black bag or falsely stated that they had found the papers in the black bag.

32. During a critical point during the stop and search, Dominguez knowingly turned off her body cam video, preventing evidence from being preserved.

33. On November 19, 2021, Cuellar Dela Cruz, with Dominguez's agreement and approval, authored a sworn arrest report which contained a number of false statements.

34. The report falsely stated that Cuellar Dela Cruz and Dominguez "clearly saw [Smith] his upper body slowly move towards a downward position as if he were concealing something."

35. The report also falsely stated that Cuellar Dela Cruz and Dominguez observed Smith's work identification with a photograph and name on it, inside the black book bag.

36. Cuellar Dela Cruz wrote a false inventory report which describing papers belonging to Cedric Smith as being found in the black book bag.

37. Dominguez signed and swore to a felony complaint which falsely stated that Cedric Smith had been found in possession of a firearm.

38. These report and statements were conveyed to the assistant States Attorney who approved charges in this case.

39. The identification papers which Cuellar Dela Cruz and Dominguez falsely swore had been found in the black book bag were introduced in evidence against Smith at this trial.

40. The arrest report which falsely stated that Cuellar Dela Cruz had seen a downward movement and that the identification papers had been found in the black book bag was introduced at trial during the cross-examination of Dela Cruz.

**COUNT I – VIOLATION OF FOURTEENTH DUE PROCESS BY DEFENDANTS BY FABRICATING FALSE REPORTS AND GIVING FALSE INFORMATION TO PROSECUTORS THAT THEY SAW CEDRIC SMITH MAKING FURTIVE MOVEMENTS AS THEY APPROACHED THE BLACK TAHOE**

41. Cedric Smith incorporates all previous paragraphs by reference.

42. Cuellar Dela Cruz and Dominguez, acting individually and in concert, deprived Cedric Smith of fourteenth amendment due process rights by fabricating false reports and giving false information to prosecutors that they had seen Cedric Smith making furtive movements towards a black bag in which a firearm was found.

43. Both of the defendants testified to these false statements during Cedric Smith's trial.

44. Because the arrest report was introduced at trial, neither of the defendants have immunity for the use of the report in connection with their false testimony.

45. The false evidence that Cedric Smith made furtive movements was a material factor in his conviction.

46. There is a reasonable probability that had this evidence not been introduced, Cedric Smith would have been acquitted.

**COUNT II – VIOLATION OF FOURTEENTH DUE PROCESS BY DEFENDANTS BY FABRICATING FALSE REPORTS AND GIVING FALSE INFORMATION TO PROSECUTORS THAT CEDRIC SMITH'S IDENTIFICATION PAPERS WERE FOUND IN THE BLACK BOOK BAG**

47. Cedric Smith incorporates all previous paragraphs by reference.

48. Cueller Dela Cruz and Dominguez, acting individually and in concert, deprived Cedric Smith of his fourteenth amendment due process rights by fabricating evidence that Cedric Smith's identification papers were found in the black bag in which a firearm was found.

49. Because the identification papers were admitted into evidence, defendants enjoy no immunity even though they testified to the finding the papers.

50. The false evidence that the identification papers were found in the black bag was a material factor in Cedric Smith's conviction.

51. There is a reasonable probability that had this evidence not been introduced, Cedric Smith would have been acquitted.

**COUNT III – VIOLATION OF FOURTEENTH DUE PROCESS BY DEFENDANT DOMINGUEZ BY FABRICATING FALSE REPORTS AND GIVING FALSE INFORMATION TO PROSECUTORS THAT CEDRIC SMITH'S IDENTIFICATION PAPERS WERE FOUND IN THE BLACK BOOK BAG**

52. Cedric Smith incorporates all previous paragraphs by reference.

53. Dominguez deprived Cedric Smith of his fourteenth amendment due process rights by deliberately turning off her body cam during a critical period of the stop and search.

54. By turning off her body cam, Dominquez intentionally destroyed exculpatory evidence which would have shown her finding the identification papers upon Cedric Smith's person and/or planting the papers in the black backpack.

55. There is a reasonable probability that Cedric Smith would have been acquitted had that evidence not been destroyed.

**PENDANT STATE CLAIMS**

**COUNT IV -- MALICIOUS PROSECUTION BY DEFENDANT CUELLAR DE LA CRUZ**

56. Cedric Smith incorporates all previous paragraphs by reference.

57. Defendant Cueller De La Cruz acting in concert with defendant Dominguez commenced the prosecution of Cedric Smith by arresting him without probable cause, swearing to a false arrest report, and giving prosecutors false information about him,

58. Cuellar De La Cruz's actions played a significant role in the commencement and continuation of the prosecution of Cedric Smith.

59. Cuellar De La Cruz's actions proximately caused the commencement and the continuation of the prosecution of Cedric Smith.

60. The prosecution was terminated in Cedric Smith's favor by the outright reversal of Cedric Smith's conviction on June 4, 2025.

61. There was no probable cause for the indictment of Cedric Smith.

62. In commencing the prosecution against Cedric Smith, Cuellar De La Cruz acted with malice towards plaintiff, and was motivated by hostility or ill will.

### COUNT V -- MALICIOUS PROSECUTION BY DEFENDANT DOMINGUEZ

63. Cedric Smith incorporates all previous paragraphs by reference.

64. Defendant Dominguez, acting in concert with defendant Cuellar De La Cruz commenced the prosecution of Cedric Smith by arresting him without probable cause, authoring a false arrest report, giving prosecutors false information about him, and swearing to false complaints against him.

65. Dominguez's actions played a significant role in the commencement and continuation of the prosecution of Cedric Smith.

66. Dominguez's actions proximately caused the commencement and the continuation of the prosecution of Cedric Smith.

67. The prosecution was terminated in Cedric Smith's favor by the outright reversal of Cedric Smith's conviction on June 4, 2025.

68. There was no probable cause for the indictment of Cedric Smith.

69. In commencing the prosecution against Cedric Smith, Dominguez acted with malice towards plaintiff, and was motivated by hostility or ill will.

**COUNT VI: INDEMNIFICATION**

**(DEFENDANT CITY OF CHICAGO)**

180. Cedric Smith realleges all previous paragraphs and incorporated them by reference.

181. Illinois law provides that public entities, such as defendant City of Chicago are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

182. At all relevant time, defendants Cuellar De La Cruz and Dominguez were agents of defendant City of Chicago and of the Chicago Police Department acting within the scope of their employment. Defendant City of Chicago, therefore, is liable as principal for all torts committed by its agents, defendants De La Cruz and Dominguez.

**PRAYER FOR RELIEF**

WHEREFORE, Cedric Smith requests this honorable court to grant Cedric Smith judgment against all defendants in a fair and just amount. Specifically Cedric Smith prays for both compensatory and punitive damages against all defendants in addition to costs and reasonable attorney's fees and all other relief as this court finds just and reasonable.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff Cedric Smith demands trial by jury for all the issues pleaded.

    Plaintiff, Cedric Smith

    /s/ Stephen L. Richards

    By: Stephen L. Richards
    53 West Jackson Suite 756
    Chicago, IL 60604
    773-817-6927
    Sricha5461@aol.com
    Attorney No: 6191946